Barbara Lynn JEPPSON, Plaintiff
and Respondent,

v.

Charles Belnap JEPPSON, Defendant
and Appellant.

No. 15962.

Supreme Court of Utah.

July 2, 1979.

Roe & Fowler, William G. Marsden, Salt Lake City, for defendant and appellant.

Clyde & Pratt, John T. Evans, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Each party has appealed from a modification of the original divorce decree, entered by the District Court of Salt Lake County in 1970.

The District Court, on the basis of petitions filed by both parties to modify the 1970 decree as well as an order to show cause concerning contempt for defendant's failure to pay prior alimony and support obligations, conducted a hearing on June 22, 1978.

The Court found defendant in contempt for failure to pay these past obligations, sentenced him to serve fifteen days in jail, but suspended sentence on the basis of prompt payment by defendant of future alimony and support obligations, adding these words to the order: "If payments are not made on the days and in the amounts ordered, Defendant shall begin serving his sentence forthwith and without further hearing based on an affidavit being filed with this Court  .  .  ."; reduced plaintiff's alimony from $275 to $150 per month; and raised child support from $75 to $200 per month for one child.

Defendant contends that it was error (1) not to eliminate the alimony altogether, (2) to increase the support money, (3) to sentence him for contempt since he had paid the delinquencies after action was commenced but before hearing (in fact full payment was made before the order was signed), (4) to order defendant to serve his sentence without a hearing if future delinquencies occur, and (5) to charge him attorney's fees below.  Plaintiff contends that the Court erred (a) in reducing the alimony, and (b) in not giving her more support money; she further seeks additional attorney's fees for this appeal.

A further recitation of facts is not deemed necessary, nor would it be illuminating.  All arguments raised by the parties are without merit except the one noted *infra*.

The only meaningful matter that we shall address is the one concerning defendant's being required to serve his sentence if future delinquency occurs *without* a hearing.  See *Limb v. Limb,* 113 Utah 385, 389, 195 P.2d 263, 265, where this Court held a finding of contempt would not lie if one ".  .  . puts forth every reasonable

effort to comply with a court order and still is unable to do so . . . ." The same principle applies with respect to future punishment for contempt. Hence a hearing would be needed to determine whether defendant exerted "every reasonable effort" to comply. If he did, no punishment could be meted out.

Affirmed in all respects except as to the matter just discussed, and this case is remanded for the purposes of amending the Court's order below to provide that no execution on the sentence for contempt, heretofore rendered by the Court, can be made without a hearing, consonant with this opinion. No costs are awarded, nor is plaintiff awarded attorney's fees for this appeal.